```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA


SHANNON M. CROPPER, et al.    :    CIVIL ACTION
                              :    No. 21-2201
        Plaintiffs,           :
                              :
   v.                         :
                              :
STANLEY BLACK & DECKER, INC., :
et al.,                       :
                              :
        Defendants.           :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                          OCTOBER 20, 2022

This is a products liability case against multiple defendants, including Fu Hsing Americas and Taiwan Fu Hsing Industrial Co. (collectively "the Fu Hsing Defendants"), arising from an August 19, 2019 incident where Plaintiff allegedly injured himself attempting to pry off a door handle. The discovery deadline in this case has previously been extended twice and the third deadline passed on October 7, 2022. Plaintiff now seeks an extension of the discovery deadline as well as an order granting its motion to compel depositions of Fu Hsing Defendants' representatives.

I.   **BACKGROUND**

Plaintiffs' complaint was filed on May 14, 2021 (17 months ago), and the Court's first scheduling order set a fact

discovery deadline of March 8, 2022. This gave Plaintiffs eleven months from the date of filing their complaint to complete discovery. Since then, the discovery deadline has twice been extended to October 7, 2022.

On September 13, 2022, Plaintiffs served Notices of Depositions to both Fu Hsing Defendants that set forth the specific topics of depositions. The Notice listed the date for the depositions as September 28, 2022, but Plaintiffs' counsel specified that "[Counsel] is available at your convenience to meet and confer regarding these designees/depositions." Defense counsel for the Fu Hsing Defendants, Mr. Harding, did not respond to the email communication.

On September 23, 2022, Plaintiffs' counsel followed up on the September 13 email asking Defendants to confirm that they are moving forward with the depositions so that Plaintiffs can avoid filing a motion to compel. On September 26, 2022, Mr. Harding responded that he was having a difficult time pinning down his client with two weeks' notice given that "Taiwan is in turmoil with Covid lockdowns and China saber rattling." He also added that 10:00 a.m. EST is not a reasonable time for his client given the 12-hour time difference in Taiwan. That same day, Plaintiffs' counsel responded that they unilaterally set the time for the purpose of getting the notices out but that

2

they are willing to work with the Defendants and start the deposition at 6:00 p.m. EST.

On the morning of September 27, a paralegal from another co-defendant's firm circulated an email asking if the depositions at issue were going forward. Plaintiffs' counsel responded that they were still waiting to hear back from Mr. Harding. It was then that Mr. Harding responded that "I have been unable to confirm with my client so there will be no depositions tomorrow. Also, I do not think that 6:00 a.m. Taiwan time is reasonable." Plaintiffs' counsel asked for other suitable dates but never received a response from Mr. Harding. On September 30, 2022, Plaintiffs filed this Motion to Compel. Defendants filed their response on October 12, 2022, arguing that Plaintiffs are engaging in delay tactics and that the deposition sought is not essential to the case.

One week after filing the Motion to Compel, Plaintiffs filed a Motion to Extend Current Scheduling Order, requesting another thirty days for both fact and expert discovery deadlines. Plaintiffs point to two remaining depositions to be completed. The first is a former employee of Stanley Security Solutions (a co-defendant), Scott Roop, whose deposition was first requested on June 9, 2022. Plaintiffs aver that scheduling has been difficult, and his deposition is currently scheduled for October 27, 2022. The second deposition is that of the Fu

3

Hsing Defendants' corporate designee (the subject of the motion to compel). The Fu Hsing Defendants were the only defendants to object to the extension, arguing that "[t]here is nothing more to be gained by additional depositions in this case."

## II. LEGAL STANDARD

The scope of information subject to discovery is governed by Federal Rule of Civil Procedure 26(b). Rule 26(b)(1) provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Once an objection is raised as to relevancy, the party seeking discovery bears the burden of demonstrating the relevance of the sought information to either the claims, defenses, or the subject matter of the litigation. See Fed. R. Civ. P. 26(b)(1).

Although the scope of discovery is broad, it is not unlimited. Upon a party's motion or of its own accord, the Court must limit the frequency or extent of discovery if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). The 2015 amendment to Rule 26(b)(1) "restore[d] the proportionality factors to their original place in defining the scope of discovery." Fed. R. Civ. P. 26 Advisory Committee's Note to 2015 Amendment. The proportionality factors "should not be treated as separate and discrete grounds to limit discovery so much as indicia of proper use of discovery mechanisms; they do not call for ... complex analysis." 8 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2008.1 (3d ed. 2021).

Additionally, Federal Rule of Evidence 403 provides that even relevant evidence is not admissible at trial "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

**III. DISCUSSION**

Plaintiffs do not point to any reasons why they are entitled to the depositions requested other than that the desired deponent is the corporate designee of a Defendant. See

Fed. R. Civ. P. 26 Advisory Committee's Note to the 2015 Amendment ("A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them."). Fu Hsing Defendants note that six defendants' representatives have already been deposed with a seventh scheduled to be deposed in a relatively simple case. They point out that at least 27 emails pertaining to depositions scheduling were circulated by counsel from February 2022 to September 13, 2022, but at no time were depositions of the designees of the Fu Hsing Defendants brought up. The Fu Hsing Defendants aver that it was only after their counsel intervened and asked Plaintiffs' counsel to "be a gentleman" during the Zoom deposition of a Defendant Stanley representative that Plaintiffs' counsel demanded the depositions at issue for the first time only three weeks before the third discovery deadline.

Defendants argue that Plaintiffs fail to explain why they waited 17 months from filing the complaint to seek these depositions, what is to be gained from these depositions, and why they waited until only a few weeks before the third discovery deadline to mention the need for these depositions.

The information sought by Plaintiff might be within the scope of discovery under Rule 26, however, it is not "proportional to the needs of the case, considering," inter

6

alia, "whether the burden or the expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). As noted above, Plaintiffs have already deposed six corporate defendants' representatives and little probative value is expected to result from the deposition requested given Plaintiffs waited until the eve of the close of discovery to notice this deposition. Under these circumstances, proportionality concerns outweigh the probative benefit of the sought-after deposition, and as such, the motion to compel will be denied.

As noted above, Plaintiffs filed a motion to extend the current scheduling order along with their motion to compel depositions. Plaintiffs seek an extension of the fact discovery and expert discovery deadlines of thirty days. The Fu Hsing Defendants were the only parties to object to Plaintiffs' motion to extend. Their argument is that Plaintiffs' motion for extension is brought in bad faith and meant only to harass, and it should be denied for those reasons.

Because Plaintiffs' motion to compel is denied, Plaintiffs' motion to extend the current scheduling order is granted solely

to allow for the previously scheduled deposition of Mr. Roop to avoid unnecessary delay and expense to the parties.[1]

## IV. CONCLUSION

After consideration of "whether the burden or the expense of the proposed [deposition] outweighs its likely benefit," the Court concludes that, under these circumstances, it does, and as such, Plaintiffs' motion to compel will be denied to avoid unnecessary delay and expense to the parties. Fed. R. Civ. P. 26(b)(1). Accordingly, Plaintiffs' motion to extend the current scheduling order will be granted solely to allow for the previously scheduled deposition of Mr. Roop.

An appropriate order follows.

---

[1] As a result, Plaintiffs' Motion for Leave to File a Reply to Defendants' Response in Opposition to the Motion to Extend Current Scheduling Order will be denied as moot.